# In the United States Court of Federal Claims

| | |
|---|---|
| LEEMARAI WILEY,<br><br>                *Plaintiff,*<br><br>    v.<br><br>THE UNITED STATES,<br><br>                *Defendant.* | No. 25-321C<br><br>(Filed March 25, 2025) |

Leemarai Wiley, Roxbury, Massachusetts, *pro se*.

## OPINION AND ORDER
### Dismissing the Complaint for Lack of Subject-Matter Jurisdiction

**SILFEN,** *Judge.*

    Leemarai Wiley, proceeding without an attorney, filed a complaint in this court seeking damages arising from a dispute with her apartment building management over mold in her apartment. ECF No. 1-1 at 15. According to the complaint, Ms. Wiley initially sued the building management company in the Suffolk Superior Court in Massachusetts, which transferred her suit to the Massachusetts housing court. Here, Ms. Wiley requests damages for a violation of her constitutional rights by judicial officials in both of those local courts. ECF No. 1-1 at 15-16. Ms. Wiley also requests that this court hear the claims she brought against the building management company. *Id.* at 18. This court does not have jurisdiction over Ms. Wiley's claims against Massachusetts state or local courts, state or local judicial officials, private individuals, or non-federal entities; this court has jurisdiction only over claims against the federal government. Thus, the court will dismiss Ms. Wiley's complaint sua sponte. The court will grant Ms. Wiley's motion to proceed in forma pauperis.

1

I.  **Background**

In October 2023, another plaintiff, Irma Matos, filed a complaint in the Suffolk Superior Court, alleging that her apartment's management company, Winn Management, was negligent in maintaining her apartment, resulting in several broken appliances and significant black mold. *Matos v. Winn Management (Washington Park Apt)*, 238CV02348, ECF No. 2 (Mass. Suffolk Oct. 17, 2023). Ms. Matos later moved to amend her complaint to add Ms. Wiley and other similarly situated tenants as plaintiffs. *Matos*, No. 238CV02348, ECF No. 5 (Jan. 10, 2024). The court transferred the parties' combined complaint to the Eastern Division Housing Court for further proceedings. *Matos*, No. 238CV02348, ECF No. 19 (Oct. 1, 2024). The housing court case is ongoing. *See Matos v. Winn Management (Washington Park Apt)*, No. 24H84CV000595, ECF No. 29 (Eastern Div. Housing Ct. Mar. 29, 2025).

In February 2025, Ms. Wiley and three of the other plaintiffs from the Massachusetts case each filed a complaint in this court alleging that Massachusetts judicial officials in the superior court and housing court violated their constitutional rights when the superior court transferred the case to the housing court. ECF No. 1-1 at 15-16. Ms. Wiley also requests that this court hear her case against the building management company. *Id*.

Each of the three other cases has been dismissed for lack of subject-matter jurisdiction. In each case, this court determined that it did not have jurisdiction to hear a suit against state and local courts, their judicial officers, insurance companies, or private individuals. *Barros v. United States,* No. 25-318, ECF No. 5 (Fed. Cl. Feb. 26, 2025); *Noelus v. United States*, No. 25-316, ECF No. 6 (Fed. Cl. Mar. 12, 2025); *Matos v. United States*, No. 25-319, ECF No. 7 (Fed. Cl. Mar. 3, 2025).

**II.     Discussion**

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. 28 U.S.C. § 1491(a)(1); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Kelley v. Secretary of the Department of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Under this court's rule 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rules of the Court of Federal Claims, Rule 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even

if not disputed by a party, the court may challenge subject-matter jurisdiction sua sponte. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

### A. This court lacks jurisdiction over Ms. Wiley's complaint

Even liberally construed, this court does not have jurisdiction over Ms. Wiley's complaint. Ms. Wiley's claims are against state and local courts, state and local officials, and private entities. ECF No. 1-1 at 14, 16 (naming judges, state and local courts, insurance companies, and private corporations as defendants). This court has jurisdiction only over claims against the federal government; it does not have jurisdiction over state or local courts, state or local officials, or private entities. 28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)); *Curry v. United States*, 787 F. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). Because Ms. Wiley has not brought a claim against the federal government, as three other judges of this court have already determined, this court does not have the authority to hear the case.[1]

### B. Ms. Wiley has shown that she is entitled to in forma pauperis status

Ms. Wiley requests to proceed in forma pauperis. ECF No. 2. Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling her to relief from the costs and fees

---

[1] One of the other three plaintiffs with related cases, Edwin Noelus, requested that the four cases be consolidated, with his case designated as the lead case. *See Noelus*, No. 25-316, ECF No. 1-2 at 8. Ms. Wiley and the other plaintiffs filed affidavits requesting that Mr. Noelus assume power of attorney over their claims. ECF No. 1-1 at 6; *Barros*, No. 25-318, ECF No. 1-1 at 4; *Matos*, No. 25-319, ECF No. 1-2 at 8. As Mr. Noelus's case has already been dismissed, the court need not determine whether consolidation would be appropriate.

associated with initiating a lawsuit. The court has discretion to grant those motions whenever it determines, based on the financial information submitted, that the plaintiff is unable to pay the filing fee. *Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020); *Roberson v. United States*, 115 Fed. Cl. 234, 239 (2014), *appeal dismissed*, 556 F. App'x 966 (Fed. Cir. 2014). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). "[P]auper status does not require absolute destitution[;] the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (marks omitted); *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Ms. Wiley's application is missing the name of her employer and the salary she receives from her job. ECF No. 2 at 1. But Ms. Wiley attests that she made approximately $6,000 over the last twelve months and has only $168 in savings in bank accounts. *Id.* at 2. ECF No. 18 at 1-2. Because she has demonstrated that paying the filing fee would impose an undue hardship on her, the court will grant her motion to proceed in forma pauperis.

### III.    Conclusion

For the reasons stated above, this court **dismisses** Ms. Wiley's complaint for lack of subject-matter jurisdiction. The court **grants** Ms. Wiley's application to proceed in forma pauperis. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge